Vivienne **JEFFERSON,** Personal Representative of the Estate of Steve E. Monroe, Plaintiff,

v.

**E.D. ETNYRE & COMPANY,** Defendant.

No. CIV.A.03–0957 JR.

United States District Court, District of Columbia.

Feb. 3, 2004.

*for Int'l Dev.,* 994 F.2d 874, 876 (D.C.Cir. 1993) (*citing Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987) (Penn, J.)).

Charles C. Parsons, Charles C. Parsons & Associates, Chtd, Washington, DC, for Plaintiff.

Paul J. Maloney, Carr Maloney, P.C., Washington, DC, for Defendant.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

Steve E. Monroe was killed on April 6, 2000, in an accident involving an asphalt distributing machine. The machine was manufactured by E.D. Etnyre & Company. This survival action [1], brought by Monroe's personal representative, seeks to recover money damages from Etnyre on a products liability theory. Before the Court is Etnyre's motion for summary judgment, or for partial summary judgment. The motion presents two discrete arguments. First, it asserts that Monroe's personal representative is not the real party in interest, because her acceptance of worker's compensation payments from her decedent's employer operated as an assignment to the employer of all her rights to recover damages against Etnyre. Second, the motion asserts that plaintiff is unable as a matter of law to prove economic damages associated with lost wages, lost health benefits and lost household services, and that

she may recover only for funeral expenses and for pain and suffering. The first part of Etnyre's motion is **denied**. The second part must also be **denied** as a formal matter, but it does appear that plaintiff will not be able to recover economic damages. The reasons for these rulings are set forth below.

### 1. *Real party in interest.*

D.C.Code § 32–1535 provides generally that a person entitled to compensation on account of a death for which compensation is payable by a person other than decedent's employer "need not elect whether to receive such compensation or to recover damages against such third person." D.C.Code § 32–1535(a). Two situations or events, however, will operate as an assignment to the employer of all rights to compensation. One is "[a]cceptance of such compensation under an award in a compensation order filed with the Mayor," unless the person entitled to compensation commences an action against the third person within six months after such an award. *Id.* § 32–1535(b). The other is "[a] payment made pursuant to §§ 32–1509 and 32–1540(d)(1)." *Id.* § 32–1535(c).

At the time of his death, Monroe was employed by Ft. Myer Construction Corporation. It is undisputed that Ft. Myer has made and is continuing to make monthly compensation payments to Monroe's personal representative. There is no formal written agreement, and Ft. Myer characterizes these payments as "voluntary." No "compensation order" has been filed with the Mayor, and accordingly the six month statute of limitations established by § 32–1535(b) has no application here. Instead, Etnyre asserts (and the plaintiff

---

1. *See* D.C.Code § 12–101 ("On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased.").

denies) that the payments Ft. Myer has made and is making are "payment[s] made pursuant to §§ 32–1509 and 32–1540(d)(1)," *id.,* thereby effectuating an assignment to Ft. Myer of the plaintiff's rights to recover from Etnyre.

A § 32–1540(d)(1) payment is a payment by decedent's employer of $5,000 into a "special fund" made "where the Mayor determines that there is no person entitled under this chapter to compensation for such death." *Id.* § 32–1540(d)(1). Here, the Mayor has made no such determination, and Ft. Myer has made no such payment. Etnyre argues, nonetheless, that a payment made pursuant to *either* § 32–1509 *or* § 32–1540(d)(1) operates to assign all rights of the legal representative, and asserts that the payments Ft. Myer has been making are § 32–1509 payments.

Etnyre's argument contains two serious flaws. The first is one of statutory construction. The essence of Etnyre's argument is that the statutory word "and" really means "or", because payments cannot be made under *both* § 32–1509 *and* § 32–1540(d)(1). I cannot accept that construction and in particular note that such a reading would completely destroy a central thrust of the 1980 amendments to the D.C. Worker's Compensation Act: the undoing of the old rule that required persons in plaintiff's position to choose between worker's compensation benefits and recovery against third party tortfeasors.

Etnyre's assertion is that § 32–1509 cannot coexist with § 32–1540 because, under the former, "only enumerated persons are entitled to death benefits," and, under the latter, payment is contingent on the Mayor's determination that "there is no one entitled to benefit[s]." Def.'s Reply, at 8. A payment of at least part of the death benefit, however—"[r]easonable funeral expenses not exceeding $5000"—is payable under § 32–1509 whether or not

there are any surviving relatives. *Id.* § 32–1509(1).

The second flaw in Etnyre's argument is that, at least on the existing record, the monthly checks Ft. Myer has been sending to Monroe's personal representative do not appear to be § 32–1509 payments. The procedure by which a worker's compensation payment is made, established at D.C.Code § 32–1520, is elaborate. First, "[s]ubject to the provisions of § 32–1514, a claim for compensation may be filed with the Mayor in accordance with regulations prescribed by the Mayor ... at any time after death, and the Mayor shall have full power and authority to hear and determine all questions in respect of any claim." *Id.* § 32–1520(a). Within ten days of the filing of a claim, the Mayor shall notify the employer or any other person determined to be an interested party that a claim has been filed. *See id.* § 32–1520(b). The Mayor shall then

> make or cause to be made investigations of claims as he considers necessary, ...[and u]pon application of any interested party the Mayor shall order a hearing within 90 days .... Within 20 days after a hearing is held, the Mayor shall by order reject the claim or make an award in respect of the claim based on substantial evidence before him. The Mayor shall, by order, reject the claim or make an award in respect of the claim based upon substantial evidence before him, if no hearing is ordered within 20 days after notice is given as provided in subsection (b) of this section.

*Id.* § 32–1520(c). Finally, "[t]he order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed with the Mayor, and a copy thereof shall be sent by registered or certified mail to the claimant and to the employer at the last known address of each." *Id.* § 32–1520(e).

It is undisputed that Ft. Myer's payments to the plaintiff were not made pursuant to any of these procedures, and that no award has been filed with the Mayor. Moreover, § 32–1514, referenced in the statute, appears to contemplate that a worker's compensation claim may be made subsequent to other compensation payments by the employer: "Except as otherwise provided ..., the right to compensation for disability or death under this chapter shall be barred unless a claim therefor is filed within 1 year after the injury or death. If payment of compensation has been made *without an award* on account of such injury or death, a claim may be filed within 1 year after the date of the last payment." *Id.* § 32–1514(a) (emphasis added).

Ft. Myer has asserted a lien for its payments against Monroe's personal representative, but the lien does not give Ft. Myer control of plaintiff's tort claim against Etnyre. As Etnyre itself points out, the general statutory purpose for the assignment provision is to place that control "in the hands of the party most likely to be willing and able to prosecute such an action," Def.'s Reply, at 4 (citing *Dunbar v. Retla S.S. Co.*, 484 F.Supp. 1308 (E.D.Pa.1980)). Ft. Myer, which has OSHA problems, is not that party.

### 2. *Economic damages.*

█ A successful plaintiff in a District of Columbia survival action may recover funeral expenses, compensation for pain and suffering, and whatever economic damages she can prove. In this case, the plaintiff has withdrawn her economic expert and appears to have conceded that she cannot prove economic damages. Etnyre's motion for partial summary judgment on this point is, essentially, a motion *in limine*, presumably filed to foreclose the possibility that plaintiff may come up with new evidence of economic damages between now and trial. Partial summary judgment is not the appropriate vehicle for seeking such insurance. As a practical matter, however, the withdrawal of plaintiff's expert would appear to settle the matter.

The motion for **summary judgment** [# 21] is **denied.** It is **SO ORDERED.**